# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 22, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MARTHA D. NEELY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0762**  (BOR Appeal No. 2050119)
(Claim No. 2013022944)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martha D. Neely, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated July 10, 2015, in which the Board affirmed a December 8, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 16, 2014, decision denying a request for payment for services rendered on March 18, 2014, in relation to a cervical sprain/strain. Additionally, the Office of Judges affirmed the claims administrator's May 19, 2014, decision denying a request for payment for services rendered on nine separate dates in relation to the treatment of a pathological dislocation of the right shoulder. Finally, the Office of Judges affirmed the claims administrator's June 5, 2014, decision denying a request for payment for services rendered for the treatment of depressive disorder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Neely was injured on February 25, 2013, while transporting a very large patient. On March 7, 2013, Ms. Neely's claim for workers' compensation benefits was held compensable for cervical, thoracic, and lumbar sprains. A cervical disc protrusion/herniation was later added as a

1

compensable component of the claim. On December 5, 2013, Bruce Guberman, M.D., performed an independent medical evaluation and opined that Ms. Neely has reached maximum medical improvement regarding the compensable cervical sprain/strain and requires no further treatment or diagnostic testing, aside from the continued use of medications and follow-up visits with her physician. In the instant appeal, Ms. Neely is requesting payment for services rendered on multiple dates for the treatment of a cervical sprain/strain, a pathological dislocation of the right shoulder, and depressive disorder.

On May 16, 2014, the claims administrator denied Ms. Neely's request for the payment of services rendered on March 18, 2014, for the treatment of a cervical sprain/strain. On May 19, 2014, the claims administrator denied Ms. Neely's request for the payment of services rendered on February 11, 2014; February 18, 2014; February 20, 2014; February 24, 2014; February 26, 2014; March 3, 2014; March 5, 2014; March 13, 2014; and March 17, 2014, for the treatment of a pathological dislocation of the right shoulder joint. Finally, on June 5, 2014, the claims administrator denied Ms. Neely's request for the payment of services rendered on March 27, 2014, and April 10, 2014, for the treatment of depressive disorder. The Office of Judges affirmed all three of the claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 10, 2015.

Regarding the May 16, 2014, claims administrator's decision addressing treatment for a cervical sprain/strain, the Office of Judges noted that Dr. Guberman determined that Ms. Neely has reached maximum medical improvement and requires no further treatment in relation to the compensable cervical sprain. Although the May 16, 2014, claims administrator's decision clearly indicates that the treatment in question was rendered in relation to a cervical sprain/strain, on appeal Ms. Neely asserts that she was actually receiving treatment for a herniated nucleus pulposus at C5-6, which was added as a compensable component of the claim. As was noted by the Office of Judges, Ms. Neely has not introduced any evidence indicating that the treatment rendered was for anything other than a cervical sprain/strain which, according to the medical evidence of record, resolved before the treatment in question was rendered.

Regarding the May 19, 2014, claims administrator's decision referencing treatment for the right shoulder, the Office of Judges noted that a records review performed by an independent records reviewing organization, Socrates, Inc., on August 11, 2014, revealed that the treatment in question was actually rendered for both the right shoulder and a cervical sprain. The right shoulder is not a compensable body part in the instant claim, with the compensability of such being denied multiple times by the Office of Judges, the most recent of which was affirmed by this Court in *Martha D. Neely v. West Virginia United Health System,* 15-0477 (memorandum decision). As has already been discussed, the medical evidence of record demonstrates that Ms. Neely requires no further treatment in relation to the compensable cervical sprain/strain.

Regarding the June 5, 2014, claims administrator's decision denying treatment for depressive disorder, there is no indication that depressive disorder has ever been added as a compensable component of the claim. In fact, Ms. Neely has not submitted any evidence to this Court referencing a diagnosis of depressive disorder.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II